**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | | |
|---|---|---|
| **THE ESTATE OF STANLEY** | ) | |
| **DOUGLAS RIDEOUT,** | ) | **CIVIL ACTION FILE NO.** |
|     **Plaintiff,** | ) | |
| | ) | 3:19cv938CWR-FKB |
| **vs.** | ) | |
| | ) | |
| **MISSISSISSPI DEPARTMENT OF** | ) | |
| **CORRECTIONS (MDOC); SCOTT** | ) | |
| **COUNTY DETENTION CENTER; AND** | ) | |
| **JOHN DOES 1 THROUGH 5,** | ) | |
| **COLLECTIVELY AND** | ) | |
| **INDIVIDUALLY,** | ) | |
|     **Defendants.** | ) | |

---

COMPLAINT (Jury Trial Requested)

---

**COMES NOW**, Plaintiff, Estate of Stanley Douglas Rideout (deceased), and files this initial Complaint against Defendants Mississippi Department of Corrections (MDOC), Scott County Detention Center, and John Does 1-5 and in support hereof would show unto the Court the following to wit:

**<u>PARTIES</u>**

1. Plaintiff, The Estate of Stanley Douglas Rideout (deceased), was an adult male prison inmate being held in custody of MDOC housed at the Scott County Detention Center (SCDC) in Scott County, Mississippi with a duly appointed administrator for his estate, Eta Jean Rideout, who is the deceased's mother.

2. Defendant Mississippi Department of Corrections ("MDOC") is a government entity

having a place of business at 301 North Lamar Street, Jackson, MS 39201. Service of process may be perfected by delivering a copy of the Summons and Complaint to Commissioner Pelicia E. Hall at 633 North State Street, Jackson, MS 39202 or by such other means as allowed by the Mississippi Rules of Civil Procedure.

3.   Defendant Scott County Detention Center ("SCDC"), is a government entity with its principal address at 530 Airport Rd, Forest, MS 39074.  Service of process may be perfected by delivering a copy of the Summons and Complaint to Commissioner Pelicia E. Hall at 633 North State Street, Jackson, MS 39202 or by such other means as allowed by the Mississippi Rules of Civil Procedure.

4.   John Does 1-5 identities and whereabouts are unknown at the time of filing this Complaint.

<u>**JURISDICTION AND VENUE**</u>

5.   This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

6.   Venue is proper in the Southern District in that the events and conduct complained of herein all occurred in the Southern District.

<u>**FACTS WHICH GIVE RISE TO CAUSE OF ACTION**</u>

7.   This action arises from an automobile accident which occurred on December 31, 2016,

where deceased Stanley Rideout, through no fault of his own, sustained severe bodily injuries and ultimately died from injuries sustained on January 4, 2017.

8.   Stanley Rideout was in custody of MDOC and being housed in the Scott County Detention Center for a felony conviction for a crime in Rankin County, Mississippi.  He had been working in the kitchen at the facility for over (3) three years on a joint state and county work program.

9.   In addition to his work duties within the kitchen, Mr. Rideout was "well-known" as were other trustees in the work program and was frequently assigned other tasks such as making repairs to vehicles and other machinery and equipment at the facility.

10. As stated by Scott County Sherriff Mike Lee on January 4, 2017 in the Clarion Ledger, "[Mr. Rideout] was somebody who did his job and worked very well." According to Lee, "He was an excellent guy and he kept his head down and worked hard.  He wasn't someone you would expect to do this." This was in response and in reference to initial media reports based on statements and/or innuendo made by individuals at the facility that he had 'stolen' the county vehicle and 'escaped.'

11. Mr. Rideout was so well thought of within the facility he was frequently granted certain privileges due to the trust he had garnered even though allowing these privileges were unlawful, negligent, and derelict and unreasonably put him, as well as other inmates, guards, staff and citizens in the community at unnecessary risk.

12. Namely, in this instance, as on other previous occasions, he was given access to a county vehicle, he frequently operated off the prison grounds.  On December 31, 2016, he was severely injured and ultimately died, as a result of being allowed to drive this vehicle.

## DEPRIVATION OF EIGHTH AMENDEMENT RIGHTS AS TO ALL DEFENDANTS BY DELIBERATE INDIFFERENCE TO PLAINTIFF'S HEALTH AND SAFETY UNDER SECTION 1983

13. Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs one (1) through twelve (12) above and further alleges:

14. The Supreme Court has interpreted the Eighth Amendment's prohibition against cruel and unusual punishment to include a right to safe and humane conditions of confinement. *See* Farmer v. Brennan, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994).  A denial of safe and humane conditions can result from an officer's deliberate indifference to a prisoner's safety. *See* Fruit v. Norris, 905 F.2d 1147, 1150 (8th Cir. 1990).  A claim based on deliberate indifference requires a substantial risk of harm to the inmate that an officer knew of and disregarded. Farmer, 511 U.S. at 837, 114 S. Ct. 1970.  Deliberate indifference requires "more than mere negligence," but does not require acting "for the very purpose of causing harm or with knowledge that harm will result." Id. at 835, 114 S. Ct. 1970.  The Supreme Court has stated that "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836, 114 S. Ct. 1970.

15. Brown v. Fortner, 518 F.3d 552, 558 (8th Cir. 2008).  In the Brown case the court held that prison officials could be held liable for their individual conduct in not providing a prisoner a seatbelt when one is available.  Id.  This was found to constitute "deliberate indifference" and thus an 8th amendment violation under Section 1983.  Id.

16. The deceased Stanley Rideout was placed in a dangerous situation through deliberate indifference.

17. Defendant's guards and/or staff who routinely allowed Mr. Rideout to travel unsupervised in a county vehicle displayed the requisite deliberate indifference in Plaintiff's safety as required to trigger an 8th amendment claim through Section 1983.

18. As MDOC code requires prisoners to be restrained with seatbelts and safety belts when they are available, similarly the code does not allow a prisoner to access and drive a prison vehicle off prison grounds unaccompanied and unsupervised.

19. Defendant through prison guards violated Mr. Rideout's rights by affording these "privileges" that was an unnecessary danger to Plaintiff as well as other prisoners, guards, and staff and innocent members in the community.

20. As a direct result and as a proximate cause of the deliberate indifference by Defendants, Mr. Rideout was fatally injured in a single vehicle accident on Highway 481 and Irby Road in Scott County, Mississippi on December 31, 2016.

21.  Mr. Rideout was pronounced dead on January 4, 2017 due to the injuries sustained from this accident and Defendants failure to act reasonably and follow the law.

## DAMAGES

22. Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs one (1) through twenty-one (21) above and further alleges:

23. As a direct and proximate result of the deliberate indifference of Defendants, decedent suffered severe bodily injuries and ultimately loss of life. which caused Mr. Rideout's untimely death.

24. As a direct and proximate result of the deliberate indifference of Defendants, decedent has been and will be precluded from engaging in normal activities and pursuits including a loss

of the ability to earn money and actual earnings.

25. As a direct and proximate result of the deliberate indifference of Defendants, decedent has otherwise lost his life.

## CLAIM FOR PUNITIVE DAMAGES

26. Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs one (1) through twenty-five (25) above and further alleges:

27. Plaintiff is entitled to punitive damages based on Defendants actions and failures to act which demonstrate that entire want of care which would raise the presumption of conscious indifference to consequences."

WHEREFORE, Plaintiff, Estate of Stanley Douglass Rideout, hereby demands judgment against the Defendants for the following relief:

a. That Defendants be found liable for deliberate indifference;

b. That Plaintiff be awarded general and special damages allowed by law including, but not limited to: (1) physical, mental and emotional pain and suffering and mental anguish for the time decedent was hospitalized with his injuries; (2) any potential future lost wages and earnings; and (3) wrongful death; (4) any punitive damages which may be allowed; (5) attorney's fees

c. That Plaintiff be awarded an amount in excess of the jurisdictional minimums of this

Court, for all costs of this action, pre-judgment and post-judgment interest and for any other relief appropriate under the law.

This 26th day of December 2019.

Respectfully submitted,
The Estate of Stanley Douglas Rideout

*/s/ Charles Irvin*
Charles Irvin, MSB#99607
*Attorney for the Estate of Stanley Douglas Rideout*

460 Briarwood Drive, Suite 310
Jackson, MS 39236
P: 601.340.6800
F: 1.877.288.2123
E: cbirvin@irvin-law.com