## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**THE ESTATE OF STANLEY DOUGLAS RIDEOUT**                                                          **PLAINTIFF**

**V.**                                                                    **CAUSE NO. 3:19-CV-938-CWR-FKB**

**MISSISSIPPI DEPARTMENT OF**                                          **DEFENDANTS**
**CORRECTIONS (MDOC); SCOTT**
**COUNTY DENTION CENTER; AND**
**JOHN DOES 1 THROUGH 5,**
**COLLECTIVELY AND INDIVIDUALLY**

### <u>ORDER</u>

Before the Court is Scott County Detention Center's (SCDC) motion for judgment on the pleadings, and the Estate's motion for leave to file an amended complaint. Having considered the motions, the pleadings, and the applicable law, the Court grants SCDC's motion for judgment on the pleading, denies the Estate's motion for leave to file an amended complaint, and dismisses this lawsuit for the reasons explained below.[1]

### FACTS

In 2016, Stanley Douglas Rideout was an inmate in the custody of the Scott County Detention Center. On December 31, 2016, he died in a single-person car crash. In this case, Mr. Rideout's Estate alleges that SCDC violated Mr. Rideout's Eighth Amendment right to be free from cruel and unusual punishment when it allowed him access to a county vehicle that day, resulting in his death following a single-person car crash.

---

[1] SCDC contends that it is not an entity capable of being sued. This Court agrees. *See Cunningham v. Hinds County Sheriff's Dept.*, No. 3:12cv634-CWR-FKB, 2012 WL 5384642, at* 1 (S.D. Miss. Nov. 1, 2012). Nevertheless, as discussed below, Plaintiff's complaint suffers from a more serious flaw which requires that this action be dismissed.

SCDC now moves to dismiss the Estate's claims.[2] Docket No. 7. The Estate has filed a response in opposition, Docket No. 13, and SCDC has replied, Docket No. 16.

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed R. Civ. P. 12(c) "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002) (citing *Hebert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir.1990)). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (citing *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir.2001)). The Fifth Circuit applies the same standard for a motion to dismiss under Rule 12(c) as it does for a motion to dismiss under Rule 12(b)(6). *Great Plains Trust,* 313 F.3d at 313 n.8.

## DISCUSSION

### A. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment includes a right to safe and humane conditions of confinement. *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). As such, to state an Eighth Amendment claim, the Estate must allege a "substantial risk of serious harm," as well as "deliberate indifference" by SCDC. *Id.*

---

[2] SCDC also seeks dismissal based on, *inter alia*, the Mississippi Torts Claims Act's (MTCA) inmate exception. The Estate, however, does not bring a claim under the MTCA or any other state law and, therefore, the arguments need not be discussed in this analysis.

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires "more than an allegation of mere negligence, but less than an allegation of purpose or knowledge." *See Easter v. Powell,* 467 F.3d 459, 464 (5th Cir. 2006). Stated differently, a defendant's conduct must rise "to the level of egregious intentional conduct" to satisfy the deliberate indifference standard. *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006).

The Estate's sole allegation against SCDC is that it frequently permitted Mr. Rideout to use a county vehicle off prison grounds. But it is not clear how this allegation rises to the level of a constitutional violation. The allegation sounds like negligence; however, negligent conduct does not meet the subjective element of a deliberate indifference claim under the Eighth Amendment. *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015); *see also Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (stating that the "subjective requirement [of an Eighth Amendment claim], deliberate indifference requires 'more than mere negligence'"). The Estate's allegation does not support the inference that SCDC had subjective knowledge of an excessive risk to Mr. Rideout's safety and chose to disregard that risk.

The Estate cites *Brown v. Fortner*, 518 F. 3d 552, 558 (8th Cir. 2008), for the proposition that prison officials could be liable for not providing seatbelts when one is available. The Estate's reliance on this case is misguided. In *Brown*, the Eighth Circuit allowed a prisoner to pursue an Eighth Amendment claim after alleging that the transporting officer had refused to fasten his seatbelt and knew that he could not fasten it himself because he was shackled. *Id.* at 559. The plaintiff in *Brown* further alleged that the officer drove recklessly and ignored the plaintiff's requests to slow down. *Id.*

Here, the Estate's allegation is qualitatively different from those in *Brown*. There is no allegation that the decedent was either restrained or being transported by SCDC. Rather, the Estate asserts that the decedent was operating the vehicle by himself. In addition, the Estate's allegations fail to allege that the vehicle lacked seatbelts or was inherently dangerous. *Brown* is therefore unavailing.

### B.  Motion to Leave

The Estate has moved for leave to file an amended complaint on August 7, 2020. Docket No. 11. The motion seeks to remove its request for punitive damages and pre-judgment and post-judgment interest pertaining to its state law claims, which are not even alleged in the Complaint. The new Complaint, the Estate explains, "maintains the counts and allegations against the same defendant from the original complaint." *Id.* SCDC opposed the request to file the amended complaint providing various reasons why the request should be denied, including that the amended complaint would still fail to state a claim. Docket No. 15. This Court agrees. The only claim in the proposed amended complaint is the exact same Eighth Amendment claim that this Court has found lacking. Accordingly, because the Estate seeks only to reassert the same Eighth Amendment claim for the reasons stated above, the motion to amend is denied.

### CONCLUSION

SCDC's motion for judgment on the pleadings is granted**.** The Estate's motion for leave to file an Amended complaint is denied. SCDC's remaining motion at Docket No. 9, is rendered moot.

A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 18th day of September, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

4